# EXHIBIT D

| Ship Date (MM/DD/YYYY) | Customer Institution | Customer State/Province Code | Customer Country Code | SKU Label | SKU# | Ship Quantity | Instrument or Slide? |
|---|---|---|---|---|---|---|---|
| 03/30/2009 | REDACTED | VA | US | C10227 - COUNTESS AUTOMATED CELL COUNTE EACH | C10227 | 1 | Instrument |
| 04/14/2009 | REDACTED | VA | US | C10227 - COUNTESS AUTOMATED CELL COUNTE EACH | C10227 | 1 | Instrument |
| 04/14/2009 | REDACTED | VA | US | C10313 - COUNTESS CHAMBER SLIDES 25PK EACH | C10313 | 1 | Slides |
| 04/15/2009 | REDACTED | VA | US | C10310 - COUNTESS CELL COUNTER STARTER EACH | C10310 | 1 | Instrument |
| 06/29/2009 | REDACTED | VA | US | C10310 - COUNTESS CELL COUNTER STARTER EACH | C10310 | 1 | Instrument |
| 06/30/2009 | REDACTED | VA | US | C10227 - COUNTESS AUTOMATED CELL COUNTE EACH | C10227 | 1 | Instrument |
| 10/06/2009 | REDACTED | VA | US | C10310 - COUNTESS CELL COUNTER STARTER EACH | C10310 | 1 | Instrument |
| 12/16/2009 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 1 | Slides |
| 01/28/2010 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 2 | Slides |
| 03/26/2010 | REDACTED | VA | US | C10227 - COUNTESS AUTOMATED CELL COUNTE EACH | C10227 | 1 | Instrument |
| 03/26/2010 | REDACTED | VA | US | C10312 - COUNTESS CHAMBER SLIDES 10PK EACH | C10312 | 1 | Slides |
| 04/05/2010 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 2 | Slides |
| 04/14/2010 | REDACTED | VA | US | C10313 - COUNTESS CHAMBER SLIDES 25PK EACH | C10313 | 1 | Slides |
| 04/14/2010 | REDACTED | VA | US | C10227 - COUNTESS AUTOMATED CELL COUNTE EACH | C10227 | 1 | Instrument |
| 04/29/2010 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 2 | Slides |
| 05/21/2010 | REDACTED | VA | US | C10310 - COUNTESS CELL COUNTER STARTER EACH | C10310 | 1 | Instrument |
| 06/10/2010 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 1 | Slides |
| 06/10/2010 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 5 | Slides |
| 06/10/2010 | REDACTED | VA | US | C10227 - COUNTESS AUTOMATED CELL COUNTE EACH | C10227 | 1 | Instrument |
| 07/19/2010 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 3 | Slides |
| 07/23/2010 | REDACTED | VA | US | C10310 - COUNTESS CELL COUNTER STARTER EACH | C10310 | 1 | Instrument |
| 08/20/2010 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 2 | Slides |
| 08/27/2010 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 5 | Slides |
| 09/07/2010 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 1 | Slides |
| 09/10/2010 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 2 | Slides |
| 09/23/2010 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 2 | Slides |
| 11/03/2010 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 3 | Slides |
| 12/08/2010 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 1 | Slides |
| 02/14/2011 | REDACTED | VA | US | C10312 - COUNTESS CHAMBER SLIDES 10PK EACH | C10312 | 1 | Slides |
| 03/21/2011 | REDACTED | VA | US | C10310 - COUNTESS CELL COUNTER STARTER EACH | C10310 | 1 | Instrument |
| 03/30/2011 | REDACTED | VA | US | C10312 - COUNTESS CHAMBER SLIDES 10PK EACH | C10312 | 1 | Slides |
| 04/01/2011 | REDACTED | VA | US | C10227 - COUNTESS AUTOMATED CELL COUNTE EACH | C10227 | 1 | Instrument |
| 04/12/2011 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 1 | Slides |
| 04/14/2011 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 5 | Slides |
| 04/18/2011 | REDACTED | VA | US | C10312 - COUNTESS CHAMBER SLIDES 10PK EACH | C10312 | 1 | Slides |
| 05/05/2011 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 2 | Slides |
| 06/14/2011 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 2 | Slides |
| 06/17/2011 | REDACTED | VA | US | C10227 - COUNTESS AUTOMATED CELL COUNTE EACH | C10227 | 1 | Instrument |
| 06/30/2011 | REDACTED | VA | US | C10310 - COUNTESS CELL COUNTER STARTER EACH | C10310 | 2 | Instrument |
| 07/25/2011 | REDACTED | VA | US | C10312 - COUNTESS CHAMBER SLIDES 10PK EACH | C10312 | 1 | Slides |
| 07/27/2011 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 2 | Slides |
| 08/04/2011 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 2 | Slides |
| 08/08/2011 | REDACTED | VA | US | C10228 - COUNTESS CELL COUNTING CHAMBER EACH | C10228 | 3 | Slides |
| 08/29/2011 | REDACTED | VA | US | C10312 - COUNTESS CHAMBER SLIDES 10PK EACH | C10312 | 1 | Slides |
| 10/24/2011 | REDACTED | VA | US | C10312 - COUNTESS CHAMBER SLIDES 10PK EACH | C10312 | 1 | Slides |

LIFE00000001

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | |
|---|---|
| NanoEn Tek Inc. & Digital-Bio Technology Co., Ltd. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    2:11-cv-00427-RBS-TEM |
| | ) |
| Bio-Rad Laboratories, Inc. | )    (If the action is pending in another district, state where: |
| *Defendant* | )        Eastern District of Virginia              ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Life Technologies c/o Legal Department / 5791 Van Allen Way / Carlsbad, CA 92088-7321

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: FedEx Office Print & Ship Center<br>2444 Vista Way, Oceanside, CA 92054<br>(760) 433-5112  (760) 433-1351 (Fax) | Date and Time:<br><br>11/07/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    11/04/2011

*CLERK OF COURT*

OR

_____          /s/ Robert Emmett Scully, Jr.
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Plaintiffs
NanoEn Tek, Inc. and Digital-Bio Technology Co., Ltd.                    , who issues or requests this subpoena, are:
 Robert Emmett Scully, Jr., Stites & Harbison, PLLC
 1199 North Fairfax Street, Suite 900, Alexandria, VA 22314
 (703) 739-4900 rscully@stites.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:11-cv-00427-RBS-TEM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    Life Technologies, Inc.

was received by me on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:    sent via email to Joseph

Taffy, Esq. at joseph.taffy@lifetech.com

on *(date)*    11/04/2011    ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    11/04/2011                                           /s/ Daniel David Cotta
                                                            *Server's signature*

                                                    David Cotta  - Attorney for Plaintiffs
                                                         *Printed name and title*

                                               David Cotta, Edwards Wildman Palmer LLP
                                               111 Huntington Avenue, Boston, MA 02199
                                               (617) 239-0373   dcotta@edwardswildman.com

                                                         *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
    **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### Definitions and Instructions

1.      The purpose of this subpoena is to inspect records that are in your personal possession, custody or control.

2.      For each of the below-listed requests, please make immediately available for inspection any products or documents that you have in your possession, custody or control that are responsive to the requests at the offices of Edwards Wildman Palmer LLP, 9665 Wilshire Blvd. Suite 200, Beverly Hills, CA 90212.

3.      The term "Countess® Automated Cell Counter" shall not be limited to individually sold units and includes all units that were sold as part of a starter kit or promotion.

4.      If any information called for is withheld, please state the basis for withholding the information.

### Requests

#### Request No. 1

Documents sufficient to show the number of Countess® Automated Cell Counter units sold in Virginia.

#### Request No. 2

Documents sufficient to show the number of Countess® Cell Counting Chamber Slides sold in Virginia.

#### Request No. 3

Documents sufficient to show the identity of all customers who purchased a Countess® Automated Cell Counter in Virginia along with the dates of any and all sales.

#### Request No. 4

Documents sufficient to show the identity of all customers who purchased Countess® Cell Counting Chamber Slides in Virginia along with the dates of any and all sales.

1   POLAPHAT VERAVANICH (SBN: 203964)
    LIFE TECHNOLOGIES CORPORATION
2   5791 Van Allen Way
    Carlsbad, CA 92008
3   Tel.: (760) 603-7200
    Fax: (760) 476-6048
4   Email: paul.veravanich@lifetech.com

5   Attorneys for Non-party LIFE TECHNOLOGIES CORPORATION

6

7                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
8

9   NANOEN TEK, INC. AND DIGITAL-BIO          CASE NO. 2:11-cv-00427-RBS-REM
    TECHNOLOGY CO., LTD.                       pending in Eastern District of Virginia
10
                Plaintiffs                     **NON-PARTY LIFE**
11                                             **TECHNOLOGIES**
         v.                                    **CORPORATION'S RESPONSES**
12                                             **AND OBJECTIONS TO NANOEN**
    BIO-RAD LABORATORIES, INC,                 **TEK AND DIGITAL-BIO**
13                                             **TECHNOLOGY CO., LTD.'S**
                Defendant                      **SUBPOENA TO PRODUCE**
14                                             **DOCUMENTS**

15

16

17        Pursuant to Fed. R. Civ. P. 45(c)(2)(B), non-party Life Technologies Corporation

18  ("Life") hereby objects and responds to Plaintiffs NanoEn Tek, Inc. and Digital-Bio Technology

19  Co., Ltd.'s ("Plaintiffs") November 4, 2011 subpoena to produce documents, information, or

20  objects or to permit inspection of premises in a civil action.

21                          **GENERAL OBJECTIONS**

22        The following General Objections apply to each and every definition, instruction, and

23  request, whether or not specifically stated:

24        1.      Life objects to the time and place indicated for the production of documents.  Life

25  will cooperate with Plaintiffs to agree upon a time and place for the production of responsive

26  documents.

27        2.      Life objects to these requests, definitions, and instructions to the extent that they

28  seek information that is protected by the attorney-client privilege, work product doctrine, common

1   interest/joint defense privilege, and/or other applicable privilege, prohibition, limitation, or

2   immunity from disclosure.  Such information will not be provided in response to Plaintiffs'

3   requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any attorney-

4   client privilege, work-product protection, common interest/joint defense privilege, any other

5   privilege or immunity, or any objection, including, but not limited to, objections on the basis of

6   competency, confidentiality, relevancy, materiality, work product, privilege, and/or admissibility

7   as evidence.  Life further objects to these requests to the extent that they call for confidential

8   information because, to Life's knowledge, a protective order has not yet been entered in this

9   action.  Life's expectation is that any materials produced in response to the subpoena and marked

10  as attorneys' or outside counsel's eyes only shall be treated as such and not be filed with the Court

11  except under seal.

12        3.      Life objects to these requests, definitions, and instructions as overly broad and

13  unreasonably burdensome to the extent that they seek information not in Life's possession,

14  custody, or control, and/or not obtainable by means of a reasonably diligent search, including

15  without limitation documents or things that Life does not maintain in the normal course of

16  business or that Life no longer maintains.  Life's response to each request relates to information

17  currently in Life's possession, custody, or control.  Neither a response nor an objection to a

18  particular request is a representation that any information relevant to the particular request in fact

19  exists.

20        4.      Life objects to these requests, definitions, and instructions to the extent they seek to

21  impose any burdens inconsistent with or beyond Life's obligations under the applicable rules,

22  including the Federal Rules of Civil Procedure, any applicable Local Rules, and any order of the

23  court.

24        5.      Life objects to these requests, definitions, and instructions to the extent they seek

25  Life's trade secret and/or confidential or proprietary business information.

26        6.      Life objects to the definitions and instructions to the extent that such instructions or

27  definitions purport to enlarge, expand, or alter in any way the plain meaning and scope of any

28  specific request where such enlargement, expansion, or alteration renders the request vague,

ambiguous, overbroad, unduly burdensome, harassing, incomprehensible, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.     Life objects to these requests, definitions, and instructions to the extent that they are vague, ambiguous, or confusing by failing to adequately define terms or failing to describe the information sought with reasonable particularity.  To the extent that any of the requests are vague, ambiguous, and/or incomprehensible, Life will not engage in fact-finding or draw conclusions beyond those required by the Federal Rules of Civil Procedure when responding to these requests.

8.     Life objects to these requests, definitions, and instructions to the extent that they seek confidential or proprietary business information or protected information of third parties, and/or would require Life to breach a duty of confidentiality owed to a third party.

9.     Life further reserves its right to:

    a.     object to the use and admissibility of these responses and their subject matter on any ground in any proceeding in this action; and

    b.     object on any ground at any time to any request, as well as any requests or any other discovery in this action relating to the subject matter of the requests.

## RESPONSES TO REQUESTS

Without waiving any of its General Objections, and incorporating each of them by reference into each response below, Life responds to the requests as follows:

**REQUEST NO. 1:**

Documents sufficient to show the number of Countess® Automated Cell Counter units sold in Virginia.

**RESPONSE TO REQUEST NO. 1:**

Subject to and without waiving its general objections, Life will produce responsive, non-privileged documents, to the extent any exist.

**REQUEST NO. 2:**

Documents sufficient to show the number of Countess® Cell Counting Chamber Slides sold in Virginia.

**RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving its general objections, Life will produce responsive, non-privileged documents, to the extent any exist.

**REQUEST NO. 3:**

Documents sufficient to show the identity of all customers who purchased a Countess® Automated Cell Counter in Virginia along with the dates of any and all sales.

**RESPONSE TO REQUEST NO. 3:**

Life objects to this request as it seeks highly confidential customer information in the absence of a suitable protective order. Subject to and without waiving its specific and general objections, Life will produce responsive, non-privileged documents relating only to the dates of sales, to the extent any exist.

**REQUEST NO. 4:**

Documents sufficient to show the identity of all customers who purchased Countess® Cell Counting Chamber Slides in Virginia along with the dates of any and all sales.

**RESPONSE TO REQUEST NO. 4:**

Life objects to this request as it seeks highly confidential customer information in the absence of a suitable protective order. Subject to and without waiving its specific and general objections, Life will produce responsive, non-privileged documents relating only to the dates of sales, to the extent any exist.

1  Dated:  November 7, 2011

2

3  _____
   Polaphat Veravanich

4  LIFE TECHNOLOGIES CORPORATION
   5791 Van Allen Way

5  Carlsbad, CA 92008

6  Attorneys for Non-Party LIFE TECHNOLOGIES
   CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28